UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE LUIZ PALOMAR, II, | No.  2:23-cv-2329 DJC DB P |
| Plaintiff, | |
| v. | ORDER |
| GAVIN NEWSOM, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action under 42 U.S.C. §1983.  Before the court are plaintiff's motion to proceed in forma pauperis ("IFP") and complaint for screening.  For the reasons set forth below, this court will grant plaintiff's IFP motion, dismiss the complaint, and give plaintiff leave to file an amended complaint.

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

1

1  of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

2  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

3  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §

4  1915(b)(2).

5  **SCREENING**

6  **I.  Legal Standards for Civil Rights Complaints**

7        The court is required to screen complaints brought by prisoners seeking relief against a

8  governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. §

9  1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims

10  that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

11  granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

12  U.S.C. § 1915A(b)(1) & (2).

13        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

14  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

15  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

16  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

17  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

18  pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.  Rule 8(a)(2) of

19  the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim

20  showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what

21  the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S.

22  544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

23        However, in order to survive dismissal for failure to state a claim a complaint must

24  contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

25  factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

26  550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

27  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

28  ////

2

1    738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

2    doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

3          The Civil Rights Act under which this action was filed provides as follows:

4            Every person who, under color of [state law] . . . subjects, or causes
        to be subjected, any citizen of the United States . . . to the deprivation

5            of any rights, privileges, or immunities secured by the Constitution .
        . . shall be liable to the party injured in an action at law, suit in equity,

6            or other proper proceeding for redress.

7    42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

8    actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

9    Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A

10   person 'subjects' another to the deprivation of a constitutional right, within the meaning of §

11   1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform

12   an act which he is legally required to do that causes the deprivation of which complaint is made."

13   Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

14   **II.  Analysis**

15       **A.  Allegations of the Complaint**

16         Plaintiff is incarcerated at California State Prison-Sacramento ("CSP-Sac").  He identifies

17   the following defendants:  (1) Governor Gavin Newsom; (2) Secretary of the California

18   Department of Corrections and Rehabilitation ("CDCR") Kathleen Allison; (3) John Doe #1, a

19   dentist at the California Training Facility ("CTF"); (4) Dr. Darrell Howen, a dentist at CSP-

20   Corcoran; (5) Jane Doe #2, a dentist at CTF; (6) Dr. Racheal Ross, a medical doctor at CSP-

21   Corcoran; (7) John Doe #3, a medical doctor at CSP-Corcoran; (8) Ms. T. Schuyler, a correctional

22   counselor at the California Correctional Institution ("CCI"); (9) Dr. Douglas Eaton, a medical

23   doctor at CCI; and (10) Brown, a health care grievance office representative at CSP-Sac.

24         Plaintiff's claims are difficult to discern.  In his first claim, plaintiff appears to be alleging

25   the following.  Correctional officers retaliated against him by "attempted murder; many

26   disciplinary reports (1 impossible yet denied on appeal), and many regular housing trashings."

27   Plaintiff has been repeatedly denied parole in part because the Board of Prison Hearings ("BPH")

28   accused him of falsifying work commendations.  Plaintiff complained to defendant Newsom and

included a copy of the BPH hearing transcript.  Because he no longer has a copy of that transcript, he cannot appeal the thirteenth parole denial.

In his second claim, plaintiff complains about dental care he received between 2000 and 2002 that resulted in severe periodontal disease.  Defendant Howen then denied plaintiff dental care because plaintiff refused to have the recommended X-rays and tooth extractions.  Between 2012 and 2018, defendant Jane Doe #3 refused to clean plaintiff's teeth on that basis.  Plaintiff then complains that due to "kool-aid" he was served in February 2018, he was unable to urinate.  Defendant Ross caused plaintiff pain by attempting to insert a catheter that ended up being clogged.  Eventually, after many months of having catheters, plaintiff ended up having surgery.  Finally, in his second claim, plaintiff alleges he has had longstanding medical chronos for long-sleeved shirts because his skin "melts" in the sun and cotton blankets for his asthma.  They were denied him at CSP-Sac and in July 2023, defendant Newsom refused to review his appeal.

In his third and fourth claims, plaintiff similarly alleges a host of different facts.  He contends his mail has been stolen.  He makes various claims that defendant Schuyler has forced him to climb stairs despite the health risks and refused to have him transferred so he could participate in a drug counselor training program.  Defendant Eaton canceled necessary medication.  Plaintiff has been falsely accused of disciplinary violations in retaliation for filing appeals.  Officers have interfered with plaintiff's mail, including submission of the appeals of denials of his grievances.

For relief, plaintiff seeks:  (1) an order requiring the prison to provide long-sleeve shirts and cotton blankets; (2) an order requiring defendant Brown to process plaintiff's July 2023 appeal; (3) the orderly return of all plaintiff's appeals and court filings; (4) a federal investigation of the crimes alleged in the complaint; (5) an order requiring defendants to take plaintiff to the UC Davis Medical Center for the removal and replacement of all of his teeth; (6) compensatory and punitive damages.

**B. Does Plaintiff State Claims Cognizable under § 1983?**

Plaintiff fails to state any claims for relief cognizable under 42 U.S.C. § 1983 for a number of reasons.  First, plaintiff may not bring multiple unrelated claims against multiple

defendants.  Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R. Civ. P. 18(a).  Plaintiff may also bring claims against other defendants if they are all related.  In his complaint, plaintiff's complains about a variety of things that are not related.  Plaintiff's dental claims are not related to his medical claims regarding the catheter or regarding his need for long-sleeve shirts and cotton blankets.  Plaintiff's claims related to the denial of parole are not related to any of the dental or medical claims.

Second, with a few exceptions, plaintiff does not identify the defendant responsible for the alleged violations of his rights.  For example, if plaintiff chooses to proceed on his claims regarding the denial of long-sleeve shirts and cotton blankets, he must identify who is responsible for the denial of those items.  Plaintiff must identify as a defendant only a person who personally participated in a substantial way in depriving plaintiff of a federal constitutional right.  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).  "Vague and conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

The third potential problem with plaintiff's complaint is that he is complaining about conduct that occurred years ago.  Plaintiff is advised that the statute of limitations under § 1983 may bar his older claims.  Generally, the time within which plaintiff may bring a claim, the "statute of limitations," is two years.  See Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004); Maldonado v. Harris, 370 F.3d 945, 954-55 (9th Cir. 2004).  However, if plaintiff is serving a term of less than life in prison, he may also be entitled to two additional years.  See Cal. Code Civ. Proc. § 352.1(a); Johnson v. State of California, 207 F.3d 650, 654 (9th Cir. 2000).  Claims may not be barred by the statute of limitations if plaintiff can show (1) a defendant had timely notice of the claim; (2) the defendant is not prejudiced by being required to defend the otherwise barred claim; and (3) plaintiff's conduct is reasonable and in good faith.  Fink v. Shedler, 192 F.3d 911, 916 (9th Cir. 1999).

////

5

The fourth problem with plaintiff's complaint is that he does not show how any of the facts he is alleging amount to a violation of his constitutional rights.  Below, this court sets out legal standards for claims plaintiff appears to be trying to raise.  If plaintiff decides to file an amended complaint, he should carefully review those legal standards to determine whether his claims are sufficient to meet them.

**C. Legal Standards for Possible Claims**

- To state a claim for denial of the First Amendment right of access to the courts, plaintiff must allege that he suffered an "actual injury" as a result of the defendant's alleged actions, by explaining how the challenged official acts or omissions hindered plaintiff's efforts to pursue a nonfrivolous legal claim.  Lewis v. Casey, 518 U.S. 343, 351-55 (1996).  The right of access to the courts applies to nonfrivolous direct criminal appeals, habeas corpus proceedings, and civil rights actions.  Id. at 353 n.3, 354-55.

- To the extent plaintiff is claiming a defendant interfered with his legal mail, he must show just what a specific defendant did and explain why the defendant had no legitimate basis to do so.  Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam).

- To state a medical claim under the Eighth Amendment, plaintiff must allege facts showing that he had a serious medical need and that a specific defendant or defendants knew about that need and acted with deliberate indifference to that need.  Estelle v. Gamble, 429 U.S. 97, 106 (1976).

- To state a claim for retaliation in violation of his First Amendment rights, plaintiff must show the following five basic elements:  "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).

6

1    With respect to plaintiff's complaints about the handling of his grievances, plaintiff is

2    advised that prison officials are not required under federal law to process inmate grievances in a

3    specific way or to respond to them in a favorable manner.  It is well established that "inmates lack

4    a separate constitutional entitlement to a specific prison grievance procedure."  Ramirez v.

5    Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir.

6    1988)); see also, e.g., Wright v. Shannon, No. CIV F-05-1485 LJO YNP PC, 2010 WL 445203, at

7    *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or ignored his

8    inmate appeals failed to state a cognizable claim under the First Amendment).  In addition,

9    denying a prisoner's administrative appeal does not generally cause or contribute to the

10    underlying violation.  See George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007).

**CONCLUSION**

12    Above, this court finds plaintiff fails to state any claims for relief under 42 U.S.C. § 1983.

13    Plaintiff will be given an opportunity to amend the complaint.

14    In an amended complaint, plaintiff must address the problems with his complaint that are

15    explained above.  Plaintiff is advised that in an amended complaint he must clearly identify each

16    defendant and the action that defendant took that violated plaintiff's constitutional rights.  The

17    court is not required to review exhibits to determine what plaintiff's charging allegations are as to

18    each named defendant.  If plaintiff wishes to add a claim, he must include it in the body of the

19    complaint.  The charging allegations must be set forth in the amended complaint so defendants

20    have fair notice of the claims plaintiff is presenting.  That said, plaintiff need not provide every

21    detailed fact in support of the claims.  Rather, plaintiff should provide a short, plain statement of

22    each claim.  See Fed. R. Civ. P. 8(a).

23    Any amended complaint must show the federal court has jurisdiction, the action is brought

24    in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must

25    contain a request for particular relief.  Plaintiff must identify as a defendant only persons who

26    personally participated in a substantial way in depriving plaintiff of a federal constitutional right.

27    Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation

28    of a constitutional right if he does an act, participates in another's act or omits to perform an act

7

1   he is legally required to do that causes the alleged deprivation).  "Vague and conclusory

2   allegations of official participation in civil rights violations are not sufficient."  Ivey v. Bd. of

3   Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

4        In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed.

5   R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed.

6   R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or

7   occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

8        The federal rules contemplate brevity.  See Galbraith v. Cnty of Santa Clara, 307 F.3d

9   1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

10   heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P.

11   84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be

12   set forth in short and plain terms, simply, concisely and directly.  See Swierkiewicz v. Sorema

13   N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system,

14   which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

15        An amended complaint must be complete in itself without reference to any prior pleading.

16   E.D. Cal. R. 220.  Once plaintiff files an amended complaint, the original pleading is superseded.

17   By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has

18   evidentiary support for his allegations, and for violation of this rule the court may impose

19   sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

20        For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as

21   follows:

22        1.  Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.

23        2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

24   is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §1915(b)(1).

25   All fees shall be collected and paid in accordance with this court's order to the Director of the

26   California Department of Corrections and Rehabilitation filed concurrently herewith.

27        3.  Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend.

28   ////

1         4.  Plaintiff is granted sixty days from the date of service of this order to file an amended

2  complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

3  Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number

4  assigned this case and must be labeled "First Amended Complaint;" failure to file an amended

5  complaint in accordance with this order may result in a recommendation that this action be

6  dismissed.

7         5.  The Clerk of the Court is directed to provide plaintiff with a copy of the form for a

8  complaint under 42 U.S.C. §1983 along with the copy of this order.

9  Dated:  January 16, 2024

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB/prisoner-civil rights/palo2329.scrn LTA

9