UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE RUIZ PALOMAR, II, | No. 2:23-cv-2329-DC-SCR P |
| Plaintiff, | |
| v. | ORDER |
| GAVIN NEWSOM, et al., | |
| Defendants. | |

Plaintiff, a state prisoner, proceeds without counsel and seeks relief under 42 U.S.C. § 1983. This matter was referred to the undersigned pursuant to Local Rule 302. See 28 U.S.C. § 636(b)(1). Plaintiff's first amended complaint is before the court for screening. For the reasons set forth below, the complaint fails to state a claim, but plaintiff is granted leave to file a further amended complaint within 60 days of the date of this order.

**I.       Screening Requirement**

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (2000). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may dismiss a claim as frivolous if it is based on an indisputably meritless

1

1 legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

2   Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a short and plain statement of the claim that shows the pleader is entitled to relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In order to state a cognizable claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. The facts alleged must "'give the defendant fair notice of what the... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 555). In reviewing a complaint under this standard, the court accepts as true the allegations of the complaint and construes the pleading in the light most favorable to the plaintiff. See id.; Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## II. Allegations in the Complaint

Plaintiff's first amended complaint asserts four claims. (ECF No. 10.) In his first claim, plaintiff alleges he has been repeatedly denied parole because (1) he files appeals, (2) the Board of Prison Hearings ("BPH") claimed certificates were falsified, and (3) BPH raised his evaluation to "high violence" due to a traffic ticket he received in 1976. (Id. at 5-6.) BPH ordered plaintiff to stop filing appeals. (Id.) Plaintiff filed a habeas petition and sent an extra copy to defendant Newsom, along with a parole hearing transcript, and received an "Application for Commutation of Sentence" from the Governor's Office. (Id. at 6.) Plaintiff did not receive his parole hearing transcripts back, and thus was unable to appeal and cannot review the transcripts as required by BPH. (Id. at 6.)

In his second claim, plaintiff complains of the dental care and medical care he received between 2000 and 2018. (ECF No. 10 at 7-8.) Defendant John Doe #1 responded to plaintiff's appeal claiming it was all normal. (Id. at 7.) Defendant Howen demanded plaintiff allow removal of 15 teeth, which plaintiff refused, and Howen refused plaintiff any dental care until plaintiff agreed to the massive extractions. (Id. at 7.) Defendant Jane Doe #3 refused to clean plaintiff's teeth until after a damaging and painful "Comprehensive Exam" and then refused to clean plaintiff's teeth unless he would agree to five teeth extractions. (Id. at 8.) Defendant Jane Doe #3

2

threatened to falsify plaintiff's dental records by claiming none of his teeth were any good to falsely justify continuing to denying all dental care permanently. (Id.)

As to his second claim, plaintiff also alleges that, "[d]ue to a type of prison 'kool-aid' served by CDCR" on or about February 15, 2018, plaintiff could not urinate and was taken to the emergency clinic. (ECF No. 10 at 8.) Defendant Ross "began torturing plaintiff by repeatedly ramming catheter in and out of his penis because it was clogged with blood; all the while verbally abusing him, yelling at him to 'shut up' because of his screams of extreme pain." (Id.) Plaintiff's requests to be sent to an outside hospital were denied and defendant Ross eventually sent plaintiff back to his cell with the clogged catheter. (Id.) After many months, catheters, painful injections, and rounds of antibiotics, plaintiff finally had surgery. (Id.)

In his second claim, plaintiff also alleges he had longstanding medical chronos for long sleeve shirts to prevent the sun from dissolving his skin, and for cotton blankets due to his asthma. (ECF No. 10 at 8.) The last three prisons did not honor his chronos. (Id.)

In his third claim, plaintiff alleges facts spanning between 1981 and 2023. (ECF No. 10 at 9.) Plaintiff alleges the "Green Wall" gang at CSP-Corcoran disposed of his packages and confiscated his documents and property. (ECF No. 10 at 9.) In 2020, defendant Schuyler ordered plaintiff to climb stairs four times, contrary to plaintiff's medical chrono, and each time plaintiff explained why he couldn't, she responded by yelling "I don't care!!!" (Id.) Defendant Schuyler also cancelled plaintiff's transfer to Valley State Prison, never gave plaintiff his 2023 parole hearing transcript, and upon the facility's closure, had plaintiff sent to the hottest and furthest prison in the state. (Id. at 9-10.) Defendant Schuyler called plaintiff's doctor, defendant Eaton, to cancel plaintiff's aspirin therapy. (Id. at 10.) Defendant Eaton refused to cancel plaintiff's transfer to CVSP where temperatures reach 130 degrees, stating "Heat has nothing to do with heat stroke." (Id.)

In his fourth claim, plaintiff alleges his administrative appeals and court documents were "taken in three stages by CDCR" as it is their policy to blacklist inmates who report crime. (ECF No. 10 at 11.) Mail tampering is common. (Id.) Defendant Brown refused to process plaintiff's appeal concerning medical chronos. (Id.) Because plaintiff was never allowed the transcript of his

3

2023 BPH Parole Hearing, he could not appeal that denial. "All because he reported BPH Misconduct to the Governor in 2019." (Id.)

The first amended complaint identifies the following defendants: (1) Governor Gavin Newsom; (2) Secretary of the California Department of Corrections and Rehabilitation ("CDCR") Kathleen Allison;[1] (3) John Doe #1, dentist at the California Training Facility ("CTF"); (4) Dr. Darrell Howen, dentist at CSP-Corcoran; (5) Jane Doe #2, dentist at CTF; (6) Dr. Racheal Ross, medical doctor at CSP-Corcoran; (7) John Doe #3, medical doctor at CSP-Corcoran; (8) Ms. T. Schuyler, correctional counselor at the California Correctional Institution ("CCI"); (9) Dr. Douglas Eaton, medical doctor at CCI; and (10) Brown, health care grievance office representative at CSP-Sac.

### III.     Discussion

The magistrate judge previously assigned to this case screened plaintiff's original complaint, identified several problems, and gave plaintiff applicable legal standards for his claims. (See ECF No. 7.) Plaintiff has not remedied the problems identified in his original complaint. Plaintiff's first amended complaint still attempts to join multiple unrelated claims against multiple defendants and still includes allegations about conduct that occurred decades ago, for which his claims may be barred by the statute of limitations. Setting aside for now any issues with improper joinder or timeliness of claims, the first amended complaint must be dismissed because it does not state a clam for relief.

**A.   42 U.S.C. § 1983**

Plaintiff brings his claims under 42 U.S.C. § 1983, which provides a remedy for violations of "rights, privileges, or immunities secured by the Constitution and [federal] laws" by a person or entity acting under the color of state law. To state a claim under 42 U.S.C. § 1983, a plaintiff must show (1) the defendant committed the alleged conduct while acting under color of state law; and (2) the plaintiff was deprived of a constitutional right as a result of the defendant's conduct. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). Plaintiff's first amended

---

[1] Defendant Allison is the former Secretary of CDCR.

complaint fails to adequately allege any defendant's conduct deprived plaintiff of a constitutional right.

### B. Defendants Newsom and Allison

Plaintiff does not adequately allege defendant Newsom personally participated in any of the alleged violations of plaintiff's rights. See Ashcroft v. Iqbal, 556 U.S. 662, 676-77 (2009) (a civil rights plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights). The first amended complaint alleges only that plaintiff sent his parole hearing transcript to defendant Newsom, after which he did not get it back. This does not suffice to state a claim. See Ivey v. Bd. Of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted) ("Vague and conclusory allegations of official participation in civil rights violations are not sufficient.").

Plaintiff also fails to state a claim against defendant Allison, against whom plaintiff makes no specific factual allegations. Defendant Allison cannot be held liable for the acts of others based merely on holding the position of Secretary of CDCR. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (supervisory personnel may be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them"); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act, or omits to perform an act he is legally required to do that causes the alleged deprivation).

### C. Dental Care, Medical Care, and Order to Climb Stairs

Plaintiff does not state a claim against any defendant dental or medical professionals. To state such a claim under the Eighth Amendment, plaintiff must allege facts showing that he had a serious medical need and that a specific defendant knew about that need and acted with deliberate indifference to that need. See Estelle v. Gamble, 429 U.S. 97, 106 (1976). Deliberate indifference requires that defendants purposefully ignore or fail to respond to the prisoner's pain or medical need. McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Technologies, Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc). Negligence in diagnosing or treating a medical condition does not state a claim of medical mistreatment under

1  the Eighth Amendment. Estelle, 429 U.S. at 106. "Medical malpractice does not become a
2  constitutional violation merely because the victim is a prisoner." Id.

3        The allegations are inadequate to suggest any defendant was deliberately indifferent to
4  plaintiff's serious medical need. Plaintiff alleged only a sentence or two about each defendant's
5  conduct. The allegations are vague, conclusory, and lack the detail and context and required to
6  support plausible constitutional violations.

7        Plaintiff alleges defendants Howen and Jane Doe #3 refused to clean his teeth unless he
8  had extractions and defendant Howen falsely claimed none of plaintiff's teeth were any good.
9  Under plaintiff's current allegations, he disagreed with the defendants over the appropriate course
10 of dental care. Without more, such allegations fail to state a claim under the Eighth Amendment.
11 Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). To allege deliberate indifference, plaintiff
12 must allege a defendant's conduct was medically unacceptable under the circumstances and
13 pursued in conscious disregard of an excessive risk to the plaintiff's health. See Toguchi v.
14 Chung, 391 F.3d 1051, 1058 (9th Cir. 2004). A denial of dental care could potentially rise to the
15 level of an Eighth Amendment violation. However, plaintiff does not allege, for example, how
16 long he was refused dental treatment or teeth cleaning while defendants pressured him to have
17 extractions. Plaintiff's current allegations do not suffice to plausibly suggest the course of
18 conduct taken with respect to his dental care was medically unacceptable under the circumstances
19 and pursued in conscious disregard of an excessive risk.

20       Plaintiff alleges he suffered pain and felt tortured when defendant Ross attempted to
21 unclog his catheter. Plaintiff's allegations are insufficient to demonstrate conduct rising to the
22 level of deliberate indifference. Under the current allegations, defendant Ross's attempts to
23 unclog plaintiff's catheter were unsuccessful and felt torturous to plaintiff. However, using the
24 word "torture" does not transform the incident into a constitutional violation. See Twombly, 550
25 U.S. at 555-557 (naked assertions, labels and conclusions, and formulaic recitations of the
26 elements of a cause of action do not suffice to state a claim). Plaintiff implies his personal
27 dissatisfaction with defendant Ross's conduct but does not allege facts plausibly suggesting the
28 conduct was medically unacceptable under the circumstances and pursued in conscious disregard

of an excessive risk to the plaintiff's well being. For example, Plaintiff does not allege what defendant Ross could have done to address the clog that would have caused him less pain.

As to the allegation that defendant Eaton allowed plaintiff to be transferred to CVSP, plaintiff does not allege any facts demonstrating he has a serious medical need not to be housed at a prison where it is very hot. Plaintiff's opinion that he should not be sent to CVSP where it is hot does not support an Eighth Amendment deliberate indifference claim.

Plaintiff also does not state a claim against defendant Schuyler, who allegedly ordered plaintiff to climb stairs four times in contradiction to an undescribed medical chrono. First, plaintiff's claim fails because he does not allege any specific details about the medical chrono defendant Schuyler allegedly ignored. Plaintiff's allegation that it was "potentially deadly" for him to climb the stairs is too vague to establish a serious medical need. Plaintiff does not allege whether he climbed the stairs or whether he suffered any harm. The claim lacks sufficient factual detail and context for the court to infer that defendant Schuyler was, subjectively, deliberately indifferent in ordering plaintiff to climb stairs.

### D.  Defendant Brown

Defendant Brown's alleged refusal to process plaintiff's appeal does not state a claim. Denying a prisoner's administrative appeal does not generally cause or contribute to the underlying violation. See George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007). Plaintiff alleges only that defendant Brown refused to process his medical chronos appeal and this single allegation is insufficient to state any claim. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) ("inmates lack a separate constitutional entitlement to a specific prison grievance procedure") (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).

### IV.  Conclusion and Order

The first amended complaint fails to state a claim, but plaintiff is granted another opportunity to amend. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). This is not for the purpose of adding new and unrelated claims. Plaintiff should focus on fixing the deficiencies in the claims already presented. If plaintiff chooses to file an amended complaint, it should be titled Second Amended Complaint and must be "complete in itself without reference to

7

the prior or superseded pleading," E.D. Cal. Local Rule 220.

In the alternative, plaintiff may choose to stand on the first amended complaint. See Edwards v. Marin Park, Inc., 356 F.3d 1058, 1064-65 (9th Cir. 2004). If plaintiff chooses this option, the undersigned will issue findings and recommendations to dismiss the first amended complaint without further leave to amend, after which plaintiff will have an opportunity to file objections, and a district judge will determine whether the first amended complaint states a claim. In the further alternative, if plaintiff does not wish to pursue these claims further, plaintiff may file a notice of voluntary dismissal, which will terminate this action by operation of law.

In accordance with the above, IT IS HEREBY ORDERED as follows:

1. The Clerk's Office shall send plaintiff a blank civil rights complaint form.

2. The first amended complaint fails to state a claim and is dismissed with leave to amend.

3. Within 60 days from the date of service of this order, plaintiff must file one of the following:

    a. An amended complaint curing the deficiencies identified in this order;

    b. A notice of election to stand on the complaint as filed; or

    c. A notice of voluntary dismissal.

4. Failure to respond to this order will result in a recommendation that this action be dismissed.

DATED: January 6, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE