UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GEORGE RUIZ PALOMAR, II,

Plaintiff,

v.

GAVIN NEWSOM, et al.,

Defendants.

No.  2:23-cv-2329 DC SCR P

FINDINGS AND RECOMMENDATIONS

Plaintiff, a state prisoner proceeding pro se, seeks relief under 42 U.S.C. § 1983.  This matter was referred to the undersigned pursuant to Local Rule 302. See 28 U.S.C. § 636(b)(1).  Plaintiff's second amended complaint is before the court for screening.  For the reasons set forth below, the complaint fails to state a claim, and further amendment would be futile due to plaintiff's repeated failure follow the court's instructions regarding amendment of his complaint.  Accordingly, the undersigned recommends that plaintiff's second amended complaint be dismissed without leave to amend.

I.      **Statutory Screening of Prisoner Complaints**

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  In performing this screening function, the court must dismiss any claim that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief

1

from a defendant who is immune from such relief." Id. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## II.    Second Amended Complaint

The allegations, claims, defendants, and requested relief in plaintiff's second amended complaint are substantively the same as his first amended complaint. Plaintiff asserts four claims. (ECF No. 15.) In the first, plaintiff alleges he has been repeatedly denied parole because (1) he files appeals, (2) the Board of Prison Hearings ("BPH") claimed certificates were falsified, and (3) BPH raised his evaluation to "high violence" due to a traffic ticket he received in 1976. (Id. at 5-6.) BPH ordered plaintiff to stop filing appeals. (Id.) Plaintiff filed a habeas petition and sent an extra copy to defendant Newsom, along with a parole hearing transcript, and received an "Application for Commutation of Sentence" from the Governor's Office. (Id. at 6.) Plaintiff did not receive his parole hearing transcripts back, and thus was unable to appeal and cannot review

///

2

1  the transcripts as required by BPH.  (Id. at 6.)  These actions were approved, if not implemented,

2  by California Department of Corrections and Rehabilitation ("CDCR") Secretary Allison.  (Id.)

3        In his second claim, plaintiff complains of the dental care and medical care he received

4  between 2000 and 2018.  (ECF No. 15 at 7-8.)  Defendant John Doe #1 responded to plaintiff's

5  complaint of pain and bleeding was "all normal."  (Id. at 7.)  Defendant Howen demanded

6  plaintiff allow removal of 15 teeth, which plaintiff refused, and Howen refused plaintiff any

7  dental care until plaintiff agreed to the massive extractions.  (Id. at 7.)  Defendant Jane Doe #3

8  refused to clean plaintiff's teeth until after a damaging and painful "Comprehensive Exam" and

9  then refused to clean plaintiff's teeth unless he would agree to five teeth extractions. (Id. at 8.)

10  Defendant Jane Doe #3 threatened to falsify plaintiff's dental records by claiming none of his

11  teeth were any good to falsely justify continuing to denying all dental care permanently.  (Id.)

12        Plaintiff also alleges in his second claim that, "[d]ue to a type of prison 'kool-aid' served

13  by CDCR" on or about February 15, 2018, plaintiff could not urinate and was taken to the

14  emergency clinic. (ECF No. 15 at 8.)  Defendant Ross "began torturing plaintiff by repeatedly

15  ramming catheter in and out of his penis because it was clogged with blood; all the while verbally

16  abusing him, yelling at him to 'shut up' because of his screams of extreme pain."  (Id.)  Plaintiff's

17  requests to be sent to an outside hospital were denied and defendant Ross eventually sent plaintiff

18  back to his cell with the clogged catheter.  (Id.)  After many months, catheters, painful injections,

19  and rounds of antibiotics, plaintiff finally had surgery.  (Id.)  Finally, plaintiff alleges his last

20  three prisons have not honored his longstanding medical chronos for long sleeve shirts to prevent

21  the sun from dissolving his skin and for cotton blankets due to his asthma.  (Id.)

22        In his third claim, plaintiff alleges facts spanning between 1981 and 2023.  (ECF No. 15 at

23  9.)  Between 1981-1983, Folsom Prison staff tried to have him killed by spreading rumors he was

24  an informant.  (Id.)  Between 2010-2012, the "Green Wall" gang at CSP-Corcoran disposed of his

25  packages and confiscated his documents and property.  (ECF No. 10 at 9.)  In 2020, defendant

26  Schuyler ordered plaintiff to climb stairs four times, contrary to plaintiff's medical chrono, and

27  each time plaintiff explained why he couldn't, she responded by yelling "I don't care!!!"  (Id.)

28  Defendant Schuyler also cancelled plaintiff's transfer to Valley State Prison, never gave plaintiff

his 2023 parole hearing transcript, and upon the facility's closure, had plaintiff sent to the hottest and furthest prison in the state.  (Id. at 9-10.)  Defendant Schuyler called plaintiff's doctor, defendant Eaton, to cancel plaintiff's aspirin therapy.  (Id. at 10.)  Defendant Eaton refused to cancel plaintiff's transfer to CVSP where temperatures reach 130 degrees, stating "Heat has nothing to do with heat stroke."  (Id.)

In his fourth claim, plaintiff alleges his administrative appeals and court documents were "taken in three stages by CDCR" as it is their policy to blacklist inmates who report crime.  (ECF No. 15 at 11.)  Mail tampering is common.  (Id.)  Defendant Brown refused to process plaintiff's appeal concerning medical chronos.  (Id.)  Because plaintiff was never allowed the transcript of his 2023 BPH Parole Hearing, he could not appeal that denial.  "All because he reported BPH Misconduct to the Governor in 2019." (Id.)

The second amended complaint identifies ten defendants: (1) Governor Gavin Newsom; (2) CDCR Secretary Kathleen Allison;[1] (3) John Doe #1, dentist at the California Training Facility ("CTF"); (4) Dr. Darrell Howen, dentist at CSP-Corcoran; (5) Jane Doe #2, dentist at CTF; (6) Dr. Racheal Ross, medical doctor at CSP-Corcoran; (7) John Doe #3, medical doctor at CSP-Corcoran; (8) Ms. T. Schuyler, correctional counselor at the California Correctional Institution ("CCI"); (9) Dr. Douglas Eaton, medical doctor at CCI; and (10) Brown, health care grievance office representative at CSP-Sac.  (ECF No. 15 at 1-2.)  Plaintiff requests, *inter alia*, $10 million dollars in compensatory and punitive damages.  (Id. at 12.)

**III.    Discussion**

In the last screening order dated January 25, 2025, the undersigned determined that plaintiff's first amended complaint failed to state a claim against any defendants and granted plaintiff leave to file an amended complaint.  (ECF No. 14.)  The order summarized the first amended complaint's deficiencies as follows:

> The magistrate judge previously assigned to this case screened plaintiff's original complaint, identified several problems, and gave plaintiff applicable legal standards for his claims. (See ECF No. 7.) Plaintiff has not remedied the problems identified in his original complaint. Plaintiff's first amended complaint still

---

[1]  Defendant Allison is the former Secretary of CDCR.

1  |  attempts to join multiple unrelated claims against multiple defendants and still
2  |  includes allegations about conduct that occurred decades ago, for which his
   |  claims may be barred by the statute of limitations. Setting aside for now any
3  |  issues with improper joinder or timeliness of claims, the first amended complaint
   |  must be dismissed because it does not state a clam for relief.

(Id. at 4.)  The order advised plaintiff that amendment "is not for the purpose of adding new and

unrelated claims. Plaintiff should focus on fixing the deficiencies in the claims already

presented." (Id. at 7.)

Plaintiff's second amended complaint, however, does not remedy any of the problems

with his original or first amended complaint and includes only barely perceptible changes. For

example, the undersigned gave plaintiff an opportunity to amend in part to adequately plead

Governor Newsom's and former Secretary Allison's personal participation in the alleged

violations. (See ECF No. 15 at 5.) Plaintiff repeats the same claims for relief but tacks on

conclusory and factually unsupported sentences at the end to implicate Governor Newsom and

former CDCR Secretary Allison in the alleged violations. (See, e.g., id. at 10 ("Blacklisting

inmates for appeals is CDCR statewide policy …. therefore, must have been approved, (if not

implemented) by Defendant Allison"); id. at 11 (explaining that the denial of his grievance appeal

"grants Defendants Newsom and Allison further deniability.").) These additions do not cure the

amended complaint's linkage issues and do not suffice to state a claim. See Ivey v. Bd. Of

Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted) ("Vague and conclusory

allegations of official participation in civil rights violations are not sufficient.").

Plaintiff does not attempt to cure his failures to state a claim against any of the other eight

defendants. He appears to have copied and pasted the first amended complaint with only minor

changes, such as edits to reference the document as the "second amended complaint." (See, e.g.,

ECF No. 15 at 11 (This Court has ordered this Second Amended Complaint….".) Nor does

plaintiff address the joinder or statute of limitations issues evident from the face of his original

and first amended complaints and identified in the court's last screening order; the dates and

unrelated occurrences all remain the same. Accordingly, the undersigned finds that plaintiff's

second amended complaint also fails to state a claim upon which relief may be granted.

///

5

1    **IV.    No Leave to Amend**

2        Leave to amend should be granted if it appears possible that the defects in the complaint

3    could be corrected, especially if a plaintiff is pro se.  Lopez v. Smith, 203 F.3d 1122, 1130-31

4    (9th Cir. 2000) (en banc).  However, a district court may deny leave to amend for "repeated

5    failure to cure deficiencies by amendments previously allowed[.]"  Leadsinger, Inc. v. BMG

6    Music Pub., 512 F.3d 522, 532 (9th Cir. 2008); see also In re Vantive Corp. Sec. Litig., 283 F.3d

7    1079, 1097–98 (9th Cir. 2002) ("The district court's discretion to deny leave to amend is

8    particularly broad where plaintiff has previously amended the complaint.") (internal quotations

9    and citation omitted).

10        The undersigned finds that, as set forth above, the complaint fails to state a claim upon

11    which relief may be granted.  Plaintiff has already received two opportunities to amend the

12    complaint and was advised what kind of information he needed to provide.  Given the vague and

13    conclusory nature of plaintiff's additional facts regarding Governor Newsom and former

14    Secretary Allison, as well as his repeated failures to follow the court's instructions, it does not

15    appear that further amendment would result in a cognizable claim.  As a result, leave to amend

16    would be futile and the complaint should be dismissed without leave to amend.

17    **CONCLUSION**

18        In accordance with the above, IT IS HEREBY RECOMMENDED that the complaint be

19    dismissed without leave to amend for failure to state a claim.

20        These findings and recommendations are submitted to the United States District Judge

21    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days

22    after being served with these findings and recommendations, plaintiff may file written objections

23    with the court.  Such a document should be captioned "Objections to Magistrate Judges Findings

24    and Recommendations."  Plaintiff is advised that failure to file objections within the specified

25    ///

26    ///

27    ///

28    ///

1  time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153

2  (9th Cir. 1991).

3  DATED:  March 26, 2025.

4

5

6

7  _____

8  SEAN C. RIORDAN
   UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28